IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-01227-CNS-NRN

JARED LEE CHAVEZ,

    Plaintiff,

v.

SGT. SMITH,
SGT. GRILLI,
SGT. STEIN,
ROSE SCIALIANO,
MS. SCALLENGER, and
TERRY JACQURES

    Defendants.

## ORDER

Before the Court is Defendants' Partial Objection to United States Magistrate Judge N. Reid Neureiter's Report and Recommendation on Defendants' Motion to Dismiss. ECF Nos. 45, 59, 62. In his Report and Recommendation, Magistrate Judge Neureiter recommended granting Defendants' motion to dismiss as to three of Plaintiff's claims, but otherwise recommended denying Defendants' dismissal motion. *See generally* ECF No. 59. Defendants timely filed a partial objection to Magistrate Judge Neureiter's Report and Recommendation. ECF No. 62. After review, the Court OVERRULES the objection and ADOPTS Magistrate Judge Neureiter's

1

recommendations for the reasons explained below.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Defendants filed a motion to dismiss four of your claims. Magistrate Judge Neureiter recommended that the Court dismiss three of the four, leaving only your excessive force claim. Defendants timely objected to Magistrate Judge Neureiter's recommendation. Because Defendants objected, this Court reviews their objection to determine if Magistrate Judge Neureiter committed legal error. The Court concludes that he did not. While not made explicitly clear in your complaint, your briefing and statements before Magistrate Judge Neureiter bolster the Court's conclusion that you are seeking relief on the theory that the officers used excessive force after you were handcuffed and slammed to the ground. Based on the information the Court has about the underlying assault charges and your related allegations, the Court concludes that Defendants did not meet their burden in proving that the *Heck* doctrine precludes you from bringing an excessive force claim in this case. Accordingly, the Court accepts and adopts Magistrate Judge Neureiter's recommendation that the Court dismiss only three of your four claims, and will explain why it does so below, including a discussion of the legal authority supporting its conclusion.

## II.  BACKGROUND[1]

Plaintiff is an inmate in custody of the Colorado Department of Corrections (CDOC) housed at the Colorado State Penitentiary in Canon City, Colorado. ECF No. 13 at 2. On February 13, 2022, while in CDOC custody, a series of events forming the basis for Plaintiff's suit occurred. *See generally id.* Plaintiff alleges that he had a mental health crisis in his cell. *Id.* at 4. After requesting help, Plaintiff alleges that Defendants Smith and Grilli went to Plaintiff's cell, removed him from his cell, handcuffed him, and slammed him to the ground. *Id.* Once he was restrained and on the ground, Plaintiff alleges that Defendants Smith and Grilli shouted expletives at him, maced him, and struck him several times until a superior officer ordered them to stop. *Id.* Plaintiff maintains that, at all times, he complied with Defendants' orders and did not resist. *Id.*

After the alleged incident, Plaintiff was charged and convicted of assault, the exact details of which are not clearly set forth in the second amended complaint, but which were clarified more in the parties' briefing and in the motion hearing. *Id.* In the hearing before Magistrate Judge Neureiter, Plaintiff admits that, after being handcuffed and slammed to the ground, he "spun and [] kicked off and that's where the assault happened." ECF No. 61 at 18.[2] Additionally, Defendants, in their reply, represent that Plaintiff was convicted of

---

[1] Unless otherwise cited, the background facts are taken from the well-pleaded allegations in Plaintiff's Second Amended Complaint. ECF No. 13. For clarity, the Court cites to the page numbers in Plaintiff's Second Amended Complaint, given that Plaintiff did not number all of his paragraphs in the Second Amended Complaint.

[2] In his Second Amended Complaint, Plaintiff alleges that he was charged with assault. ECF No. 13 at 4. Consideration of the parties' briefing and Plaintiff's clarifying statements in this hearing assists the Court's interpretation of Plaintiff's at times imprecise assault allegations and is consistent with the Court's obligation to construe Plaintiff's allegations liberally, and draw inferences from them in his favor at this stage of litigation. *See Calcari v. Ortiz*, 495 F. App'x 865, 866 (10th Cir. 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106,

second-degree assault pursuant to Colorado law. ECF No. 56 at 2 (citing C.R.S. § 18-3-203(f)). After the alleged incident between Plaintiff and Defendants Smith and Grilli, Plaintiff alleges that he was placed in administrative housing where he experienced sub-par conditions and property deprivation under the supervision of Defendant Stein. ECF No. 13 at 19.

On May 1, 2024, Plaintiff filed this civil action. ECF No. 1. After amending his complaint several times, Plaintiff brought six claims under 42 U.S.C. § 1983 against Defendants.[3] *See generally* ECF No. 13. Defendants moved to dismiss the following four claims:

- Claim One for excessive force, brought against Defendants Smith and Grilli for the alleged actions in the altercation outside Plaintiff's cell;

- Claim Three for unconstitutional conditions of confinement against Defendant Stein;

- Claim Four against Defendant Scallenger for failure to provide medical treatment; and

- Claim Five against Defendant Jacques for alleged failure to properly train and supervise prison personnel.

ECF Nos. 13, 45.[4]

---

1110 & n.3 (10th Cir. 1991)) (explaining *pro se* pleadings and filings construction standard).; *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (explaining motion to dismiss standard).

[3] Defendant Rose Scialiano has not been served. *See* ECF No. 24.

[4] Prior to this case's reassignment to the undersigned, Senior Judge Lewis T. Babcock dismissed Claim 6 as barred by sovereign immunity because it was asserted against the Colorado Department of Corrections, a state agency. ECF No. 17. Claim Two is asserted solely against Defendant Scialiano, who as noted above, has not been served. ECF No. 24.

4

The parties filed their briefs and Magistrate Judge Neureiter held a hearing, after which he issued a report and recommendation to grant dismissal of Plaintiffs' third, fourth, and fifth claims. *See generally* ECF No. 59. Defendants object to Magistrate Judge Neureiter's recommendation against dismissal of Claim One. ECF No. 62.

### III. LEGAL STANDARD AND STANDARD OF REVIEW

Because Plaintiff appears *pro se*, the Court liberally construes his filings. *See Calcari*, 495 F. App'x at 866 (10th Cir. 2012). However, the Court may not "assume the role of [an] advocate." *Wingfield v. Pruitt*, 825 F. App'x 553, 557 (10th Cir. 2020) (citing *Hall*, 935 F.2d at 1110).

#### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" and conclusory allegations without supporting facts are not entitled to the assumption of truth.

*See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### B. Magistrate Judge Recommendations & Objections

When a magistrate judge issues a recommendation on a dispositive pretrial matter, a party "may serve and file specific written objections" to the recommendation. Fed. R. Civ. P. 72(b)(2). The district judge in the case must consider timely objections and modify or set aside any part of the order that is "clearly erroneous or is contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see also Latimore v. Denver Hous. Auth. of City & Cnty. of Denver*, No. 1:22-cv-01979-CNS-KLM, 2022 WL 4103297, at *1 (D. Colo. Sept. 8, 2022). The clearly erroneous standard requires that the reviewing court affirm unless, after reviewing the entire evidence, the court "is left with the firm and definite conviction that a mistake has been committed." *Chafin v. Stasi*, No. 13-cv-02662-WYD-MEH, 2014 WL 4627447, at *2 (D. Colo. Sep. 16, 2014) (citation omitted). Where no party objects to a particular recommendation of a magistrate judge, "the district court is accorded considerable discretion with respect to the treatment of unchallenged" recommendations. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### IV. ANALYSIS

*First,* after reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Neuretier's analysis regarding the claims to which Defendants do not object was

6

thorough and comprehensive, well-reasoned, and the Court discerns no clear error on the face of the record regarding the recommendations as to these claims. Accordingly, the Court affirms and adopts Magistrate Judge Neuretier's recommendations regarding Plaintiff's third, fourth, and fifth claims.

*Second*, regarding Defendants' objection to Magistrate Judge Neureiter's recommendation on Plaintiff's first claim for excessive force, Defendants have failed to show that overruling the magistrate judge's recommendation is proper. In what is largely a recitation of their underlying dismissal briefing, Defendants maintain that Magistrate Judge Neureiter erred in his interpretation and application of the *Heck* doctrine to Plaintiff's excessive force claim. *See generally* ECF No. 62. The Court disagrees. Taking the Second Amended Complaint's well-pleaded facts as true, drawing all inferences in favor of Plaintiff as the non-moving party, and construing the pleadings liberally, as the Court must, Defendants have not met their burden of showing that Magistrate Judge Neureiter's recommendation regarding Plaintiff's first claim is clearly erroneous or based on infirm legal analysis.

The *Heck* doctrine bars plaintiffs from bringing a 42 U.S. § 1983 claim that inherently challenges the validity of an underlying conviction "unless that conviction has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Butler v. Butierres*, 58 F. App'x 458, 459 (10th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). In determining whether *Heck* bars a claim, the court "compare[s] the plaintiff's allegations to the offense he

7

committed." *Hooks v. Atoki*, 983 F.3d 1193, 1200 (10th Cir. 2020) (citing *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015)). In evaluating the claim, the court "must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487 (emphasis added). If judgment in favor of the plaintiff does not invalidate the underlying conviction, the claim proceeds absent another bar to its assertion. *Id.* Fundamentally, the analysis comes down to one word: "necessarily." *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.'").

As a starting point, the Court compares Plaintiff's allegations to the underlying assault conviction. *Hooks*, 983 F.3d at 1200. In his Second Amended Complaint, Plaintiff pleaded three instances of force:

> (1) Plaintiff was pulled from his cell, handcuffed, and slammed to the ground while also complying with all orders;
>
> (2) Plaintiff informed the officers that he was not resisting but the officers administered mace and uttered an expletive; and
>
> (3) Officers also struck Plaintiff with their fists, elbows, and knees until ordered to stop by a superior.

ECF No. 13 at 4. While the parties have not provided the Court with a comprehensive record regarding Plaintiff's underlying conviction, the parties do not dispute that Plaintiff was convicted of assault. *See* ECF No. 45 at 4–5; ECF No. 61 at 16.

Where the parties diverge is in their interpretation of Plaintiff's theory for relief. *See generally* ECF Nos. 62, 55. Defendants urge that Magistrate Judge Neureiter erred in his recommendation because the allegations, "careful[ly]" read, fall under *Heck's* bar given

8

that Plaintiff's only avenue for relief is premised on complete innocence. ECF No. 61 at 5; *see also* ECF No 62 at 5–6. However, Plaintiff, on multiple occasions, affirms that he is not challenging the validity of his conviction. *See* ECF No. 61 at 16 ("I'm not challenging the facts of the actual assault."); ECF No. 55 at 2 ("Plaintiff is not challenging the conviction."). The hearing before Magistrate Judge Neureiter further clarified Plaintiff's proposed theory of relief. In the hearing, Plaintiff admits that, after being handcuffed and slammed to the ground, he "spun and [] kicked off and that's where the assault happened." ECF No. 61 at 18. But Plaintiff also explains that his claim is based on Defendant's actions *after* they subdued him. *Id.* at 19 ("[T]he part where I'm challenging is that, when they already had me subdued . . . and they had their knees on my neck and I'm laid flat is when they keep hitting me, and he's basically telling me, fuck you and [he] keep[s] hitting me, and that's the part I'm seeking relief from."). Based on Plaintiff's representations, he appears to acknowledge that *Heck* could bar his first claim of excessive force, because some of the relevant allegations concern events that occurred before the assault, but Plaintiff avers his claim is premised on a distinct factual predicate: what *followed* his assault.

As explained in the recommendation, the Tenth Circuit has addressed how to proceed when *Heck* bars some of a plaintiff's allegations:

> If this case proceeds to trial while [Plaintiff's] state court conviction remains unimpaired, the court must instruct the jury that [Plaintiff's] state arrest was lawful per se. The question for the jury is whether the police officers utilized excessive force in making that arrest. Otherwise, the jury might proceed on the incorrect assumption that the police officers had no probable cause to arrest [Plaintiff], and thus reach a verdict inconsistent with [Plaintiff's] criminal conviction.

9

*Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999); *see also* ECF No. 59 at 8 (quoting *Martinez* and explaining that "the Tenth Circuit has explained how a district court should proceed when some factual allegations are barred by *Heck* and others are not," then concluding factual issues precluded granting Defendants' dismissal motion).

Defendants maintain that "[i]t would be physically impossible for [Plaintiff] to simultaneously engage in conduct that resulted in his conviction for second-degree assault while also being in full compliance with [Defendants'] directives." ECF No. 56 at 3. Defendants represent that Plaintiff was convicted with second-degree assault against "the person of a peace officer, firefighter, or emergency medical service provider engaged in the performance of his or her duties . . . ." ECF No. 56 at 2 (citing C.R.S. § 18-3-203(f)). Therefore, their argument goes, dismissal is proper. *See also* ECF No. 56 at 2.

In support of their argument, Defendants cite *Havens v. Johnson*, 783 F.3d 776 (10th Cir. 2015), but *Havens* is inapposite and does not warrant dismissal. *See, e.g.,* ECF No. 56 at 3. In *Havens*, the Tenth Circuit found that *Heck* barred a § 1983 claim because the complaint did not allege that "excessive force [was] in response to an attempted assault," and therefore the "*only* theory of relief [was] based on [plaintiff's] innocence." *Havens*, 783 F.3d at 784 (emphasis added). However, *Havens* also stated that "[a]n excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer." *Id.* at 782. "For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Havens*, 783 F.3d 782. Further, the Tenth Circuit, on multiple

10

occasions, has concluded that reasonable use of force may become unreasonable "even seconds later when force persists after the threat has passed." *Torres v. Madrid*, 60 F.4th 596, 601 (10th Cir. 2023) (collecting cases).

At bottom, *Havens* left open two theories of relief not barred by *Heck*: (1) that an officer used too much force to respond, and (2) that an officer used excessive force after restraint. *See Havens*, 783 F. 3d at 782–83 (noting that a plaintiff's excessive force claim could survive if the claim was that "officers used too much force to apprehend [plaintiff]"); *Hooks*, 983 F.3d at 1202 ("[Plaintiff] has alleged an excessive force claim based on the officers' conduct after they subdued him. We expressly left open the possibility that such a claim might be viable in *Havens*."). Accordingly, Defendants fail to meet their burden in showing that Plaintiff's allegations that he did nothing to provoke the officers' use of excessive force challenges the underlying conviction.[5]

Plaintiff alleges that the officers used excessive force after being subdued. ECF No. 13 at 2 ("Defendant abused authority and applied excessive and unnecessary force while inmate was restrained."). This is the exact sort of claim left open under *Havens*. *Hooks*, 983 F.3d at 1202. Accordingly, Defendants do not meet their burden in proving that Magistrate Judge Neureiter's recommendation against dismissing Claim One was clearly erroneous, and the Court overrules the objection.

---

[5] Defendants cite *Hooks* as a factually analogous case because they assert that an inquiry into Plaintiff's excessive force claim "would necessarily entail an evaluation of whether and to what extent [Plaintiff] used force against the officers, an inquiry that would take aim at the heart of his criminal plea, thereby violating the spirit of *Heck*." ECF No. 56 at 3 (citing *Hooks*, 983 F.3d at 1201). But Defendants' reliance on *Hooks* is misplaced. In *Hooks*, the conviction was predicated on admittance that Hooks "repeatedly [hit] the officers *before* he was subdued." 983 F.3d at 1201 (emphasis added). That is not the case here. Plaintiff's claim is based on the alleged force *after* he was subdued.

11

## V.  CONCLUSION

After reviewing all the relevant pleadings, case file, and legal authority, the Court concludes that Magistrate Judge Neureiter's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record. Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation as an order of this Court. ECF No. 59. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Dated this 20th day of August 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge